Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Fort Myers Division

PROVIDED TO
JACKSON~~~ ON

APR 0 4 2023

FOR MAILING

Case No. **2:23-cv-00247-SPC-KCD**

*(to be filled in by the Clerk's Office)*

BERNARD D. WILSON

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

S. Wright, Sgt. Novak Et. al;

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

2023 APR 10 PM 2:43

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | BERNARD D. WILSON |
| All other names by which you have been known: | N/A |
| ID Number | 724935 |
| Current Institution | JACKSON Corr. Inst. |
| Address | 5563 10th St. |
| | C MALONE    FL.    32495 |
| | City    State    Zip Code |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | S. Wright |
| Job or Title *(if known)* | Correctional officer |
| Shield Number | N/A |
| Employer | Charlotte Correctional Inst. |
| Address | 33123 OIL WELL Rd. |
| | Punta Gorda    FL.    33955 |
| | City    State    Zip Code |

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Seargent Novak |
| Job or Title *(if known)* | Corr. officer Seargent |
| Shield Number | unknown |
| Employer | Charlotte Corr. Inst. |
| Address | |
| | Punta Gorda    FL.    33955 |
| | City    State    Zip Code |

☑ Individual capacity   ☑ Official capacity

Defendant No. 3

Name — Captain Ross

Job or Title *(if known)* — Correctional officer Captain

Shield Number — unknown

Employer — Charlotte Corr. Inst.

Address — 33123 Oil Well Rd.

Punta Gorda | FL. | 33955
City | State | Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 4

Name — Lieutenant Larson

Job or Title *(if known)* — Correctional officer Lieutenant

Shield Number — unknown

Employer — Charlotte C.I

Address — 33123 Oil Well Rd.

Punta Gorda | FL. | 33955
City | State | Zip Code

☑ Individual capacity   ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amend. & 14th Amend

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I. B.

Defendant #5

NAME: Marshall
Title: Correctional officer - officer
Shield Number: unknown
Employer: Charlotte Corr. Inst.
Address: 33123 OIL Well Rd.

Punta Gorda          Florida          33955
city                 state            zip code

☑ Individual capacity  ☑ official capacity

Defendant #6

NAME: Kralle
Title: correctional officer Seargent
Shield number: unknown
Employer: Charlotte Corr. Inst.
Address 33123 OIL Well Rd.

Punta Gorda          FL.              33955
city                 state            zip code

☑ individual capacity  ☑ official capacity

Defendant #7

NAME: Bowman
Title: correctional officer - officer
Shield number:
Employer: Charlotte Corr. Inst.
Address 33123 OIL Well Rd.

Punta Gorda          FL.              33955
city                 state            zip code

☑ Individual capacity  ☑ official capacity

I.-B;

Defendant #8

Name: Unknown Nurse (Charlotte C.I.) Jane Doe

Title: Nurse

Shield number: unknown

Employer: Centurion

Address: 33123 Oil Well Rd.

Punta Gorda   FL.   33955

☑ individual capacity   ☑ official capacity

Defendant #9

Name: Peterson

title: Nurse Practioner (Doctor)

Shield number: N/A

Employer: Centurion

address: 568 N.E. 255th St.

Cross City, FL. 32628

☑ individual capacity   ☑ official capacity

*Duly Note:

Plaintiff has diligently attempted to obtain the legal first names of all defendants but to no avail. Plaintiff also had his family to contact Charlotte C.I. in an attempt to obtain the defendant's legal first name but the institution neglected to provide this pertinent information.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

*N/A*

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*Acting under color of state law defendants Wright And Novak...(see attach) 4/4*

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*N/A*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

*1.) on September 30, 2020, while plaintiff was housed at (see attached) cont on 4C*

## II

b). . . . acting under color of state law violated plaintiff's 8th amendment Right to be free from cruel and unusual punishment, i.e; violence suffered at the hands of other inmates (failure to protect) The failure of Wright and Novak to act on their knowledge of a substantial risk of serious harm, failure to alleviate said risk resulted in plaintiff's being severely attacked by gang members and his suffering significant amount of injuries.

Defendant's Larson, Kralle, Marshall, and Ross all acting under color of state law violated plaintiff's 8th and 14th and 1st amendments rights to be free from cruel and unusual punishment by unlawfully administering excessive force, violating plaintiff's right to due process by not adhering to proper procedures when an inmate declares a psychological emergency and attempts suicide (on camera and in the presence of said staff), and when escorting and/or supporting plaintiff when in full restraints including "Blackbox" and unlawfully administering chemical agents. Furthermore, defendants' retaliatory acts violated plaintiff's first amendment.

Defendant Bowman, acting under color of state law violated plaintiff's 8th amendment right to be free from cruel and unusual punishment suffered at the hands of other inmates when he sadistically & maliciously with cruel intentions placed a gang member (Josalien Profete)(ZOE) inside plaintiff's cell even after being warned/informed that plaintiff was afraid to have Profete placed in his cell to which Bowman replied," the zoes are going to kill your snitching ass, now cuff up." Plaintiff suffered significant injury as a result of this violation to his rights. Also, Bowman failed to protect.

Defendants Nurse Jane Doe and doctor Peterson acting under color of state law violated plaintiff's 8th amendment right to be free from cruel and unusual punishment due to their deliberate indifference to plaintiff's serious medical needs and their neglecting to provide proper medical treatment which resulted in plaintiff suffering more significant injury.

4B

IV - B

section B:

Charlotte Corr. Inst. E-dormitory quad 4 he was attacked by several gang members at approximately 8 a.m.

On october 3rd, 2020 at Charlotte Corr. Inst. between A-dormitorys and Y-dormitory when defendant's Larson, Ross, Kralle, and Marshall unlawfully Administered excessive force.

On October 7th 2020 At Charlotte Corr. Inst A-dormitory at approximately 8:30 a.m when defendant Bousman acting with sadistic and malicious intent violated plaintiff's 8th amendment by placing inmate Profete inside of his cell for the sole purpose of Attacking plaintiff.

Between the months of October 2020, (Jane Doe) at Charlotte Corr. Inst., when through November 12, 2020 when defendant Jane Doe Acted with deliberate indifference to plaintiff's serious medical needs.

Between the months of December 2020 through July 2021 while housed at Cross City Corr. Inst. when defendant Peterson Acted with deliberate indifference to plaintiff's serious medical needs and neglected to provide Any treatment.

4C

C.      What date and approximate time did the events giving rise to your claim(s) occur?

Sept. 30th 2020 App. 8 am - Oct. 3rd 2020 - Oct. 7, 2020

D.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

On the afore-mentioned dates plaintiff suffered significant injuries due to (cont. p.5(

## V.      Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1.) As a result of the physical Attack on plaintiff. (cont. pg 56)

## VI.      Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff requests a jury trial and/or monetary .. (cont p.5 H)

cont. from 5A

D- 1.) In the month of September of 2020 plaintiff had spoken to S.T. h (gang Sergeant) Spry concerning pertinent information in regards to the night shift staff operating a homo-sexual sex ring.

2.) As a result of the Administration's investigation, Captain Loar along with a confinement Sergeant resigned.

3.) On September 30, 2020 at approximately 8 A.m. plaintiff was housed in E-dormitory cell 4104. Plaintiff was in his cell when several gang members (ZOE) stormed his cell and began to attack him physically all the while they're calling him a snitch.

4.) The gang members involved were inmate Kevin Constance whom was housed in E-dormitory quad one, inmate Alahad was housed in E-dormitory quad one, inmate Smith was housed in E-dorm quad three along with another unknown inmate.

5.) These inmates were in plaintiff's quad unlawfully.

6.) Officer S. Wright unlawfully allowed these inmates to violate Florida Dept. of corr. policy and procedure by unlocking their mechanical quad doors and then mechanically unlocking the sally-port's back door which was the only means for these inmates to illegally pass through and enter plaintiff's quad and attack plaintiff then forcing him at knife-point to pack his property and "check-in" (meaning request protective management). Gang members then escorted plaintiff out of the dorm where they were met by E-dorm Sergeant Novak whom asked plaintiff, "Where are you going?" to which plaintiff informed him that he was in fear for his life and wanted to "check-in" because the inmates whom were escorting him were going to kill him. The group of attackers also informed Novak that," he gotta go Sarge or we're gonna fuck him up!" Novak replied," Wilson, its too early for the bullshit, stop being a bitch! Take ya'll ass back in the dorm and deal with that shit some other time.

7.) Novak then escorted Plaintiff back into the dorm to commence count.

8.) Plaintiff refused to go in his cell for count and when officer S. Wright walked by he

5B

stated to her," off. Wright Please get me out of here them dudes are gonna kill me!" Wright stated," I can't help you! Just hope you can fight how you talk!" referring to "talk" as "snitch".

(9) Upon the clearing of 8 A.M. count off. S. Wright and Novak again allowed these same inmates; (Constance sleeps in E-1 Alahad sleeps in E-1 Smith was also housed in another quad) were allowed, by S. Wright and Novak's reckless disregard for plaintiff's safety, to violate FL.D.O.C's policy by being in an unauthorized area, when they unlocked the sally-port's back door to allow these inmates to unlawfully enter plaintiff's quad and attack him.

(10). This attack began immediately upon these inmates entering the quad. Plaintiff was "jumped" beaten and thrown over the rail, stabbed multiple times and was later found unconscious- lying with his head in a puddle of his own blood.

(11) Plaintiff recieved a number of stitches to his eyebrow area by the institution's medical staff but was later transported to the outside hospital. Emergency Room.

(12). Plaintiff was diagnosed with a fractured orbital socket, a fractured shoulder and extreme swelling in his left leg which cause extreme pain and severe suffering to this date. Plaintiff also recieved a chipped front tooth and other bruising and swelling and back pain.

(13). Plaintiff submitted an informal grievance in regards to afore-mentioned incident and requested that video surviellance footage of this incident be preserved for legal purposes.

(14) On Oct. 3rd 2020 plaintiff was housed in A-dorm when Larson, Ross, kralle and Marshall approached his cell and placed him in the shower at which point he declared a psychological emergency and attempted suicide . . .

5C

Afore-mentioned staff (defendants) acting with deliberate indifference neglected to contact any medical personnel to have plaintiff psychologically evaluated as required by FL. Dept. of corr. policy and procedure. When an inmate attempts suicide in the presence of any staff member more-so while being filmed on hand held use of force camera.

Plaintiff's suicidal attempts were ignored and he was then placed in full "black box" restraints and escorted to Y-dorm.

15.) Plaintiff was then placed in a cell alone without any property what-so-ever. Plaintiff only had the underwear he was wearing. This unauthorized property restriction was a clear violation of plaintiff's right to due process. Throughout this matter plaintiff remained cordial and respectful at ALL times.

16.) Plaintiff, at no time, caused any disturbance.

17.) The said defendants, Larson, Kralle, Marshall, Ross, then approached plaintiff's cell front and unlawfully and in a sadistic + malicious manner began to apply chemical agents absent any wrongdoing by plaintiff.

18.) Plaintiff, after being sprayed (gassed) was removed from his cell and taken to see medical. Once inside with medical Capt. Ross entered the room and informed plaintiff that he wouldn't be gassed again but, "we had to do that because of what you did to Captain Loar!" (Capt. Loar was the capt. whom resigned). Plaintiff gave information against Loar for his illegal operation of a homosexual sex ring.

19.) Plaintiff was then placed inside of Y-dorm's shower while in full "black box" restraints including leg-irons, and ordered to walk to the back of the shower (which is the length of 12 yards deep) unsupported which per FL. Dept. of Corr. Standard operating Procedure requires that ANY time an inmate is in said restraints an official shall administer a "custodial hold" to prevent plaintiff from falling and causing significant harm/injury. Plaintiff informed defendants that he was in fear of falling on wet slippery floor. As plaintiff began to walk, unsupported, he fell re-activating injuries that he suffered two-days prior.

5-D

20) Captain Ross, Marshall, Lt. Larson and Sgt Kralle's unauthorized use of "excessive force" was not only unlawful. But also, was an act of retaliation.

21.) Plaintiff, while housed at Charlotte C.I (confinement unit), submitted a number of "sick-calls" in regards to on-going pain and suffering due to his extensive injuries particularly his left leg (from knee to foot). However, plaintiff never recieved proper treatment.

22) several times plaintiff was assessed by an unknown nurse whom would not reveal her name and she would hide her name tag. This same nurse even intentionally destroyed certain portions of plaintiff's medical file.

23.) On Oct. 7th 2020 at app. 8:40 AM officer Bowman approached plaintiff's cell window and stated, "Wilson, you're getting a cellmate!" Plaintiff informed Bowman that (he was) currently under "protective management" and could not have a roommate. Bowman then responded, "You snitch the hatians are gonna kill your snitching ass!" Now cuff up!"

24) Bowman then placed inmate Prefete into the cell with plaintiff. (Prefete is a hatian "ZOE".)

25.) Once inside the cell Prefete began to attack plaintiff. Bowman administered chemical agents and authored a report concerning this incident.

26.) several grievances regarding this incident was submitted but plaintiff never recieved any response. However, copies of these grievances were kept by plaintiff.

27.) In the month of November 2020 Plaintiff was transferred to Cross City C.I

28.) Since Plaintiff's Arriving at Cross City Corr. Inst. he has submitted a number of sick calls (well over 6) including medical emergencies relating to his left leg being in pain and causing him to lose balance and walk with a limp due to the pain and significant swelling.

29.) Plaintiff has been referred to be seen by the institution's "doctor" peterson 4 times between January 2021 and June 2021 however, as of July 2021 plaintiff has yet to be seen by doctor Peterson. This resulted in Peterson being added as a defendant in this civil claim.

30.) On June 30, 2021 as Plaintiff was walking inside of his cell his left leg went weak and "gave out" causing him to fall and his left shin collided with the corner of an open footlocker and his head/face hit the corner of a steel bunk frame. This resulted in plaintiffs' declaring a medical emergency where he recieved minute treatment by the overnight medical staff.

31.) Doctor Peterson along with Nurse Jane Doe's deliberate indifference and callous disregard to the health of plaintiff by their intentionally refusing to provide proper medical treatment which, Any reasonable individual in their position would have took precautionary measures to alleviate such pain and suffering, resulted in plaintiff's leg to "give out" and resulting in his suffering significant physical injury by him falling · · ·

5F.

and hitting his shin on the corner of an open footlocker and hitting his face on the corner of the steel bunk frame.

## V. Injuries

1) ... In relation to officer S. Wright and Sgt. Novak's reckless disregard and deliberate indifference to plaintiff's safety by allowing several gang members to attack him, Plaintiff suffered a fractured orbital socket, stitches in his right eye-brow area, several stab points punctures, a fractured rotary cup, damage to lower back, damage to (left) knee-shin area, calf-area ankle and foot; which no treatment has been provided, a chipped right-front tooth, and several facial areas being bruised and severely swollen, these injuries caused plaintiff to suffer emotional damage, i.e; Anxiety, stress, severe loss of sleep. Plaintiff also walks with a permanent limp.

2) In regards to the unlawful use of force, sadistically & maliciously administered by Sgt. Kralle, Capt. Ross, Lieutenant Larson and officer Marshall, plaintiff suffered injury to same left leg, back, head and shoulder when he was restrained in "Black box" restraints and shackles and forced to walk un-supported to the back of shower (which is at least a (12) twelve-yard distance) on a wet floor after informing said staff that he was afraid to fall in which he did, fall in shower causing said injuries some which were "fresh" injuries only being (2) two-days old. Further, the unlawful administering of chemical agents caused injury to plaintiff's eyes. These injuries coupled with defendant's unlawful acts of deliberate indifference and retaliation caused plaintiff to become paranoied, severe mental anguish, depression and extreme stress.

3) Officer Bowman's reckless disregard for plaintiff's safety coupled with his retaliatory acts by placing a known gang member, affiliated with the same gang whom attacked plaintiff, into plaintiff's cell after being informed by plaintiff that he could not be housed with said gang member, resulted in plaintiff suffering pain to previously wounded injuries and mental + emotional anguish.

4.) In regards to Nurse Jane Doe and cross city C.I.'s doctor Peterson's callous disregard for the health of plaintiff and their neglecting to provide proper medical treatment in relation to plaintiff's left leg which he has sought treatment for an extensive period of time resulted in plaintiff's left leg not being able to support his weight by "giving out" causing him to stumble and fall resulting in his shin (left) collapsing on the corner of an open footlocker, which left a hole in his shin, and him hitting his face/head on the corner of a steel bunk frame which also caused his left eye to swell completely shut, a significant "knot" (hickey or goose egg) on his left eye-brow area along with small abrasions. Plaintiff recieved minor treatment by the triage nurse at the time of this incident which included her attempt to "close the wound" by applying sticky strips and an ice pack for his eye and pain medication and she referred plaintiff to be seen by the doctor (Peterson). Plaintiff, as of this date, has yet to be seen by anyone!! Plaintiff has suffered extensive damage (nerve and/or tendon) to his left leg.

VI. Relief: monetary rewards in the amount of one-hundred-thousand-dollars total for punitive damages, sixty-thousand-dollars from each defendant for permanent injury damages, sixty-thousand-dollars for compensatory damages from each defendant, nominal damages of one-dollar, injunctive relief requesting proper medical treatment and therapy for plaintiff's left leg even if surgery is required.

5H

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Charlotte Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

at Charlotte Corr. Inst.

2.   What did you claim in your grievance?

violation of plaintiff's rights to be free from use of force + harm

3.   What was the result, if any?

Approved, denied and return w/o action

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

once approved I did not know what else to do same with denied ones.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   has not filed a grievance on doctor peterson due to (cont.8b)

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   Plaintiff did file a grievance + informed officials, but did not (cont.on 8B)

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

---

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

U.S. Dist. Ct. N.D. of FL. Panama City Div. - 2014 - Do not have copy of order.

F-1 ... fear of medical staff removing/destroying
more pertinent documents in regards to
his sick-call visits, and the referrals made by
other medical staff and not recieving any treatment.


F-2 ... recieve any response in regards to off.
Bowman. And in regards to the Jane Doe
nurse, Plaintiff diligently inquired as to her
real name, but was wrongfully informed that
it was Smith. Which a grievance was filed on
"Smith" whom did not exist.

8 B

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
       Plaintiff(s)    ~~Torrey Johnson, Et al,~~
       Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*
                         N/A

3.    Docket or index number
                         N/A

4.    Name of Judge assigned to your case
                         N/A

5.    Approximate date of filing lawsuit
                         N/A

6.    Is the case still pending?

☐ Yes

☑ No

      If no, give the approximate date of disposition.    N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

                         N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Page 9 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

**D.**   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   BERNARD  D. WILSON

Defendant(s)   Torrey Johnson  et. al.,

2.   Court *(if federal court, name the district; if state court, name the county and State)*

U.S. District of FL. for the N. Dist. Tallahasse Div.

3.   Docket or index number   4:18-cv-310-RH/MJF

4.   Name of Judge assigned to your case   Michael J. Frank

5.   Approximate date of filing lawsuit   2018

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition   2020

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Judgment was in favor of Plaintiff.

Page 10 of 11

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   8-24-22  4.5.23

Signature of Plaintiff

Printed Name of Plaintiff   BERNARD WILSON

Prison Identification #   T24935

Prison Address   5563   10th St.

| | | |
|---|---|---|
| MALONE | FL. | 32445 |
| City | State | Zip Code |

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

| | | |
|---|---|---|
| City | State | Zip Code |

Telephone Number   _____

E-mail Address   _____